UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Hossain Khoroosi, | Case No. 21-cv-2687 (PJS/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| University of Minnesota-Duluth, | |
| Defendant. | |

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Hossain Khoroosi's application to proceed in forma pauperis (hereinafter "IFP"). (IFP Application [Docket No. 2]).

Plaintiff Hossain Khoroosi did not pay the filing fee for this lawsuit, instead applying for in forma pauperis status. (See, IFP Application [Docket No. 2]). That IFP application is now before the Court and must be considered before any other action is taken in this matter.

The federal IFP statute, 28 U.S.C. § 1915, does not establish guidelines from which to determine whether a litigant qualifies for IFP status.  Courts of this District, however, have regularly concluded that "'[t]he central question' in determining whether an individual qualifies financially for IFP status 'is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life.'"  Olson v. Ramsey County, No. 15-cv-3131 (DWF/JSM), 2015 WL 5778478, at *4 (D. Minn. July 31, 2015) (quoting Ayers v. Texas Dep't of Criminal Justice, 70 F.3d 1268, 1268 (5th Cir. 1995) (per curiam)); accord, Nichole K. v. Commissioner of Social Security, No. 19-CV-1662 (SER), 2019 WL 3037087, at *1 (D. Minn. July 11, 2019).  Among the factors considered by this Court in answering that "central question"

include the past and anticipated future income of the litigant applying for IFP status and the anticipated expenses and obligations of the litigant.

In his IFP application, Plaintiff represents that he has earned an average of $6,670 per month over the past twelve months and that he expects to earn $3,827 per month in employment and retirement income next month. (See, IFP Application [Docket No. 2] at 1–2). Even the smaller figure amounts to more than 250 percent of the federal poverty guideline for a family of two[1] living in Wisconsin, where Plaintiff alleges he resides. See, Hess v. MainStreet Bank, No. 1:19-cv-138 (AJT/TCB), 2019 WL 2583598, at *1 (E.D. Va. Mar. 4, 2019) ("Although not entirely dispositive, courts consistently rely on the current federal poverty guideline when considering an IFP motion."). This income substantially exceeds the threshold at which this Court would consider a litigant presumptively eligible for IFP status, and IFP applications have frequently been denied when filed by litigants reporting smaller incomes than that of Plaintiff. See, e.g., Canady v. Kijakazi, 2021 WL 4876950, at *1 (N.D. Tex. Sept. 14, 2021) (denying IFP application where applicant reported a monthly income of $2,160); Baker v. Mississippi, No. 1:20-cv-230-HSO-JCG, 2020 WL 8515064, at *1 (S.D. Miss. Sept. 9, 2020) (denying IFP application where applicant's income exceeded poverty guideline by $440.00); Miller v. Caliber Home Loans, Inc., No. 2:21-cv-61-JAM-KJN, 2021 WL 3487533, at *1 (E.D. Cal. July 13, 2021) (finding that because "plaintiff's gross household income is over the 2021 poverty guideline, the court cannot find plaintiff qualifies for IFP status."). The future monthly income amount reported by Plaintiff also is more than Plaintiff's anticipated monthly expenses, although, to be sure, not substantially so. (See, IFP Application [Docket No. 2] at 4).

---

[1] Plaintiff represents that his adult son relies upon him for support. (See, IFP Application [Docket No. 2] at 3).

2

This Court recognizes that the filing fee of $402.00 amounts to a significant expense for Plaintiff.  That said, Plaintiff appears to have significantly greater means to meet that expense than the usual IFP applicant, and this Court does not believe that payment of the filing fee would cause Plaintiff to have to forego the necessities of life. The IFP application will therefore be denied.

Plaintiff must pay the $402.00 filing fee for this action within twenty (20) days of the date of this Order. If Plaintiff fails to comply with this Court's directive in the time permitted, then this matter may be dismissed without prejudice for failure to prosecute.  See, Fed. R. Civ. P. 41(b).

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT**:

1. Plaintiff's application to proceed in forma pauperis, [Docket No. 2], is **DENIED**;

2. Plaintiff must submit the $402.00 filing fee for this matter within twenty (20) days of the date of this Order; and

3. If Plaintiff fails to comply with this Court's directive in the time permitted, then this matter may be dismissed without prejudice for failure to prosecute

Dated: January 14, 2022					s/Leo I. Brisbois
							Hon. Leo I. Brisbois
							United States Magistrate Judge